JOHN W. HUBER, United States Attorney (#7226)
DANIEL R. STRONG, Special Assistant United States Attorney (#13614)
CARLOS A. ESQUEDA, Assistant United States Attorney (#5386)
Attorneys for the United States of America
Office of the United States Attorney
111 South Main Street, Suite 1800
Salt Lake City, Utah 84111-2176
Telephone: (801) 524-5682

FILED
U.S. DISTRICT COURT
2018 MAR 15 A 10: 02
DISTRICT OF UTAH
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH, NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>DEMARI DEHAN DONTRAE ANDERSON, A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON;<br><br>AND<br><br>VERONICA JARAMILLO A.K.A. VERONICA TREJO,<br><br>Defendants. | INDICTMENT<br><br>VIOS. **COUNT 1**, 18 U.S.C. § 371, CONSPIRACY;<br>**COUNTS 2-8**, 18 U.S.C. § 2421, TRANSPORTING INDIVIDUAL TO ENGAGE IN PROSTITUTION;<br>**COUNTS 9-15**, 18 U.S.C. § 2422(a), COERCION AND ENTICEMENT TO ENGAGE IN PROSTITUTION;<br>**COUNTS 16 - 17**, 18 U.S.C. § 1591(a),(b)(1), SEX TRAFFICKING BY FORCE, FRAUD AND COERCION; 18 U.S.C. § 2, AIDING AND ABETTING<br><br>Case: 1:18-cr-00024<br>Assigned To : Campbell, Tena<br>Assign. Date : 3/15/2018<br>Description: |

THE GRAND JURY CHARGES THAT:

At all times relevant to this indictment:

1. DEMARI DEHAN DONTRAE ANDERSON is a resident of Utah who operated a commercial sex and sex trafficking operation in Utah and other Western states, including Wyoming and Idaho.

2. VERONICA JARAMILLO is a resident of Utah and the girlfriend of DEMARI DEHAN DONTRAE ANDERSON. She assisted ANDERSON in the

commercial sex and sex trafficking operation by recruiting women, posting advertisements, scheduling appointments, and collecting funds.

3. Aided, abetted, and assisted by VERONICA JARAMILLO, DEMARI DEHAN DONTRAE ANDERSON sex trafficked, transported for the purposes of prostitution, and enticed to prostitution, at least the following women:

   a. A woman whose initials are C.P.

   b. A woman whose initials are D.L.

4. Aided, abetted, and assisted by VERONICA JARAMILLO, DEMARI DEHAN DONTRAE ANDERSON also transported for the purposes of prostitution, and enticed to prostitution a woman whose initials are W.W.

THE GRAND JURY FURTHER CHARGES THAT:

## COUNT 1
(Conspiracy)
18 U.S.C. § 371

### The Conspiracy

5. Paragraphs 1 – 4 of the General Allegations of this Indictment are specifically incorporated herein.

6. Beginning on or about September 1, 2015, and continuing through on or about August 4, 2017, in the Northern Division, District of Utah and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO,**

the defendants herein, and others, known and unknown to the Grand Jury, did knowingly in and affecting interstate and foreign commerce, combine, conspire, confederate and agree to commit an offense against the United States, namely: (1) recruiting, enticing, harboring, transporting, coercing, providing, obtaining, and maintaining by any means person(s), namely, C.P. and D.L., and benefitting financially and by receiving anything of value from participation in such a venture, knowing and in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, and any combination of such means will be used to cause D.L. and C.P. to engage in a commercial sex act, in and affecting interstate commerce, all in violation of Title 18, United States Code Section 1591(a)(1), and (b)(1); (2) persuading, inducing and enticing individual(s), namely C.P., D.L., and W.W., to travel in interstate commerce to engage in prostitution, all in violation of Title 18 United States Code, Section 2422(a); and (3) transporting individual(s), namely C.P., D.L., and W.W., in interstate commerce with the intent that such individual engage in prostitution, all in violation of Title 18 United States Code, Section 2421.

## Manner and Means of the Conspiracy

7. The purpose of the conspiracy was for DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON and VERONICA JARAMILLO A.K.A. VERONICA TREJO, (hereinafter ANDERSON and JARAMILLO), to make money and obtain other things of value by having C.P., D.L., W.W., and other women engage and attempt to engage in commercial sex acts.

3

8. It was part of the conspiracy that ANDERSON AND JARAMILLO did recruit, harbor, transport, coerce, provide, obtain, or maintain by any means and any combination of such means, women to engage in commercial sex.

9. It was further part of the conspiracy that ANDERSON AND JARAMILLO, used vehicles, public highways, hotels, telephones and the internet to facilitate the commercial sex acts.

10. It was further part of the conspiracy that ANDERSON AND JARAMILLO posted advertisements for commercial sex and scheduled appointments for commercial sex acts, in and affecting interstate commerce, using the internet.

11. It was further part of the conspiracy that ANDERSON AND JARMILLO transported, and persuaded, induced, or coerced to be transported, C.P., D.L., and W.W., from Utah across state lines into other states with the intent that C.P., D.L, and W.W. would engage in prostitution.

## OVERT ACTS

12. In furtherance of the conspiracy and to effect its objects, the following overt acts, among others, were committed in the Northern Division, District of Utah and elsewhere:

A. From about September 1, 2015 through August 4, 2017, ANDERSON and JARAMILLO jointly operated a commercial sex operation involving C.P., D.L., W.W., and several other women both known and unknown to the grand jury.

B. ANDERSON and JARAMILLO ran their commercial sex operation out of a storefront in Ogden City, UT. Both ANDERSON and JARAMILLO transported or

4

arranged the transportation of women to other states for the purpose of commercial sex.

C. In about September of 2015, ANDERSON recruited D.L. to work in his and JARAMILLO's commercial sex operation. ANDERSON met D.L. in an online dating forum and feigned romantic relationships with D.L. before recruiting her as a commercial sex worker.

D. In about May of 2017, ANDERSON recruited C.P. to work in his and JARAMILLO's commercial sex operation. ANDERSON feigned a romantic relationship with C.P. before recruiting her as a commercial sex worker.

E. In about June of 2016, ANDERSON met W.W. in an online dating forum and began a romantic relationship with her. About four months later, ANDERSON recruited W.W. into his and JARAMILLO's commercial sex operation.

F. JARAMILLO recruited other women, both known and unknown to the grand jury, through her job and through Facebook, to work in the commercial sex operation.

G. From April through June of 2016, ANDERSON transported D.L. from Utah to Wyoming several times for the purpose of prostitution.

H. From June through July of 2017, ANDERSON transported C.P. from Utah to Idaho and Wyoming for the purpose of prostitution. During this time, JARAMILLO transported C.P. to Idaho for the purposes of prostitution as well.

I. In December of 2016, ANDERSON transported W.W. from Utah to Wyoming for the purposes of prostitution.

J. ANDERSON referenced his capacity for violence as an implied threat to keep C.P. and D.L. working in commercial sex. ANDERSON also used physical violence

5

against D.L. to keep her working in commercial sex. JARAMILLO knew of ANDERSON's capacity for violence and was reckless as to whether ANDERSON was using threats or violence to keep the women working in commercial sex.

K. ANDERSON and JARAMILLO posted online advertisements and scheduled appointments for commercial sex with C.P., D.L, and W.W., as well as other women both known and unknown to the grand jury.

L. ANDERSON and JARAMILLO collected funds from the commercial sex operation.

All in violation of Title 18 U.S.C. Section 371.

## COUNT 2
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

13. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

14. In or about July of 2017, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI**

**ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly transport C.P. in interstate commerce from Utah to Wyoming, with the intent that C.P. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 3
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

15. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

16. In or about June of 2017, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly transport C.P. in interstate commerce from Utah to Wyoming, with the intent that C.P. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 4
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

17. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

18. In or about June of 2017, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly transport C.P. in interstate commerce from Utah to Idaho, with the intent that C.P. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 5
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

19. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

20. In or about April of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DÉMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly transport D.L. in interstate commerce from Utah to Wyoming, with the intent that D.L. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 6
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

21. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

22. In or about May of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein did knowingly transport D.L. in interstate commerce from Utah to Wyoming, with the intent that D.L. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 7
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

23. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

24. In or about June of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly transport D.L. in interstate commerce from Utah to Wyoming, with the intent that D.L. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 8
(Transporting Individual to Engage in Prostitution)
18 U.S.C. § 2421

25. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

26. In or about December of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly transport W.W. in interstate commerce from Utah to Wyoming, with the intent that W.W. engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2421, 2.

## COUNT 9
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

27. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

28. In or about July of 2017, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce C.P. to travel in interstate commerce from Utah to Wyoming, to engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

## COUNT 10
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

29. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

30. In or about June of 2017, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce C.P. to travel in interstate commerce from Utah to Wyoming, to engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

## COUNT 11
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

31. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

32. In or about June of 2017, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI**

**ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce C.P. to travel in interstate commerce from Utah to Idaho, to engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

### COUNT 12
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

33. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

34. In or about April of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI**

**ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce D.L. to travel in interstate commerce from Utah to Wyoming, to engage in prostitution and sexual activity

for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

## COUNT 13
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

35. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

36. In or about May of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce D.L. to travel in interstate commerce from Utah to Wyoming, to engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

## COUNT 14
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

37. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

38. In or about June of 2016, in the Northern Division, District of Utah, and elsewhere,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce D.L. to travel in interstate commerce from Utah to Wyoming, to engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

## COUNT 15
(Coercion and Enticement to Engage in Prostitution)
18 U.S.C. § 2422(a)

39. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

40. In or about December of 2016, in the Northern Division, District of Utah, and elsewhere,

//

//

//

//

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI**

**ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly persuade, induce, entice and coerce W.W. to travel in interstate commerce from Utah to Wyoming, to engage in prostitution and sexual activity for which a person can be charged with a criminal offense, and did aid and abet such conduct; all in violation of Title 18 U.S.C. Sections 2422(a), 2.

**COUNT 16**
(Sex Trafficking by Force, Fraud and Coercion)
18 U.S.C. § 1591(a)

41. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

42. In or about September 1, 2015, and continuing through August of 2017, in the Northern Division, District of Utah,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI**

**ANDERSON A.K.A. DEMARI ANDERSON**

and

**VERONICA JARAMILLO A.K.A. VERONICA TREJO**

the defendants herein, did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, D.L., and did benefit financially and by receiving anything of value from participation in

a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force, threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause D.L. to engage in a commercial sex act, and did aid and abet each such conduct; all in violation of Title 18 U.S.C. Sections 1591(a), (b)(1), 2.

## COUNT 17
(Sex Trafficking by Force, Fraud and Coercion)
18 U.S.C. § 1591(a)

43. The allegations set forth in Paragraphs 1 through 12 (A-L) are incorporated herein by reference.

44. In or about May or 2017, and continuing through August of 2017, in the Northern Division, District of Utah,

**DEMARI DEHAN DONTRAE ANDERSON A.K.A DAHAN DAMARI ANDERSON A.K.A. DEMARI ANDERSON**

the defendant herein, did knowingly, in and affecting interstate commerce, recruit, entice, harbor, transport, provide, obtain, and maintain by any means a person, namely, C.P., and did benefit financially and by receiving anything of value from participation in a venture engaged in such acts, knowing, and in reckless disregard of the fact, that means of force,

//

//

//

//

threats of force, fraud and coercion as defined in Title 18, United States Code, Section 1591(e)(2), and any combination of such means, would be used to cause C.P. to engage in a commercial sex act; all in violation of Title 18 U.S.C. Section 1591(a), (b)(1).

A TRUE BILL:

/s/
_____
FOREPERSON OF GRAND JURY

JOHN W. HUBER
United States Attorney

_____
DANIEL R. STRONG
Special Assistant United States Attorney